UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Case No.:  09-20975-CV-HUCK/O'SULLIVAN
Criminal Case No.:  06-20449-CR-HUCK/SIMONTON

JOHNNY EDWARD KING,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING MOTION FOR RE-SENTENCING

This matter came before the Court on Movant Johnny Edward King's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (D.E. #1). The Court has reviewed the motion and related briefing, the record, and is otherwise duly advised in the premises. For the reasons set forth below, the Court finds that King's motion should be denied because he failed to argue the ground for re-sentencing set forth in his motion during the direct appeal of his criminal conviction.

### I. Factual and Procedural Background

#### A. The Trial Court Proceedings and Direct Appeal

On July 27, 2006, the Government filed a three-count indictment against King charging that King possessed a cocaine with the intent to distribute it (Count I); possessed a firearm in furtherance of a drug trafficking crime (Count II); and, having been convicted of a felony offense, possessed a firearm and ammunition (Count III). (Cr. D.E. #1.)[1] The case proceeded to a jury trial, and on November 21, 2006, the jury returned a verdict acquitting King of Counts I and II and convicting him of Count III. (Cr. D.E. #28.) On March 1, 2007, the Court sentenced

---

[1] The Court will refer to the record in the criminal case using the designation "Cr. D.E. #___." Any citations to the record that are not so designated are citations to the record in the habeas corpus case.

King to 235 months' confinement, 5 years supervised release, and required payment of a $100 special assessment. (Cr. D.E. #43.)

The pre-sentence investigation report concluded that King should be assigned an enhanced sentence under 18 U.S.C. § 924(e) and § 4B1.4(a) of the federal sentencing guidelines because he had at least three prior convictions for violent felonies. The report yielded a total offense level of 34, to which a guideline range of 262 to 327 months applied. Ultimately, the Court rejected some of the conclusions in the pre-sentence investigation report and assigned King a total offense level of 33, to which a guideline range of 235 to 293 months applied.

The Movant filed a notice of appeal on March 6, 2007. (Cr. D.E. #45.) The Eleventh Circuit affirmed King's conviction on February 28, 2008. (Cr. D.E. #57); *see also United States v. King*, 267 F.App'x 851, 851 (11th Cir. 2008). As the Eleventh Circuit noted in its opinion, "[t]he sole issue" raised in the appeal was "whether the evidence was sufficient to convict [King] on Count 3." *Id.* In affirming King's conviction, the Eleventh Circuit held that the prosecution had established beyond a reasonable doubt all of the elements required for King's conviction under Count III of the indictment, and that any inconsistencies in the testimony of certain witnesses did not render the proof offered in support of one of the elements of Count III "incredible as a matter of law" or "unbelievable on its face." *Id.* The mandate subsequently issued without appeal to the Supreme Court. (Cr. D.E. #57.)

**B.  The *Begay* and *Archer* Decisions**

Under the Armed Career Criminal Act (the "Act"), codified at 18 U.S.C. § 924(e)(1), any person who violates § 922(g)[2] "and has three previous convictions by any court . . . for a violent felony or a serious drug offense . . . committed on occasions different from one another . . . shall be fined under [Title 18] and imprisoned not less than fifteen years."

In April 2008, the Supreme Court held that "violent felony," as used in § 924(e), means violent felonies that "present a serious potential risk of physical injury to another" and are "roughly similar in kind, as well as in degree of risk posed," to the examples given in § 924(e)(2)(B)(ii).[3] *Begay v. United States*, 128 S.Ct. 1581, 1585 (2008). The *Begay* Court

---

[2]  Count III of the indictment charged King with violating § 922(g) which forbids felons from possessing firearms.

[3]  These are "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

2

determined that drunk driving was not similar enough to the examples in § 924(e)(2)(B)(ii) to be considered a violent felony for sentence enhancement purposes.

In June 2008, the Eleventh Circuit applied the *Begay* Court's holding to determine that carrying a concealed firearm is not a violent felony under the Act. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

### C. The Motion for Re-Sentencing

On April 14, 2009, King filed the motion at issue. (Cr. D.E. #59; D.E. #1.) In his memorandum in support of the motion, King argues that he is entitled to re-sentencing based on the *Begay* and *Archer* decisions, which King contends are new substantive rules of criminal law. Based on these rulings, King contends that the Court must re-sentence him because the Court erroneously imposed an enhanced sentence based on its pre-*Archer* understanding that carrying a concealed firearm was a violent felony under the Act.

The Government argues that the Court should not re-sentence King because (1) even without the conviction for carrying a concealed firearm, he qualifies for an enhanced sentence under the Act based on other convictions; (2) King's arguments are procedurally barred because he did not raise them at sentencing and on direct appeal; and, in anticipation of an ineffective assistance of counsel argument that King never raised, (3) King cannot avoid the procedural bar by arguing ineffective assistance of counsel because courts have held that lawyers do not render ineffective assistance of counsel when they fail to foresee a change in the law. (D.E. #5.)

In support of its first argument, the Government contends that the pre-sentence investigation report included five prior convictions, three of which qualify King for an enhanced sentence even after *Begay* and *Archer* (robbery; conspiracy to possess with the intent to distribute narcotics; and a sale, purchase, or delivery of cocaine). Accordingly, even if the Court applied *Begay* and *Archer*, the Government contends that King would still be subject to an enhanced sentence under the Act.

The Government further argues that King's arguments are barred because he did not raise them on his direct appeal. According to the Government, King did not adequately set forth grounds why the "cause" and "actual prejudice" exception to the procedural bar should apply to his failure to raise the arguments brought in his motion for re-sentencing during the direct appeal of his conviction. Similarly, King made no effort to argue that he is "actually innocent" of the

3

sentencing enhancement and, even if he had, the Government argues that the actual innocence doctrine does not apply to non-capital sentencing.

In response to the Government's arguments, King contends that (1) the pre-sentence investigation report indicated a conviction for purchase of cocaine, which is an offense that does not qualify as a predicate offense under 18 U.S.C. § 924(e) and (2) King's claim is not procedurally barred because (a) King's claim is not "defaultable" because the Court was without jurisdiction to impose the enhanced sentence, and (b) the Court would engage in a "fundamental miscarriage of justice" if it declined to consider King's claim because he is "actually innocent" of the sentence imposed on him.

## II. Legal Framework

Under 28 U.S.C. § 2255, a person in federal custody may move for the correction of a sentence imposed by a federal court because the sentencing court "was without jurisdiction to impose [the sentence]" or "the sentence was in excess of the maximum authorized by law." Section 2255(f) sets forth a one-year period of limitation that, in pertinent part, runs from the latest of "(1) the date on which the judgment of conviction becomes final" or "(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

But even timely habeas petitions are subject to dismissal if the arguments raised in them were not presented to the appellate court during the direct review of the criminal conviction, because the habeas process is not intended as a substitute for direct appeal. *Reed v. Farley*, 512 U.S. 339, 354 (1994) ("So far as convictions obtained in the federal courts are concerned, the general rule is that the writ of habeas corpus will not be allowed to do service for an appeal."); *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding."). Arguments that are presented for the first time in a habeas petition are considered procedurally defaulted.

Over time, courts have created exceptions to the concept of procedural default such that, under certain narrowly defined circumstances, courts may now consider some claims that were procedurally defaulted. As the Eleventh Circuit explained in *Lynn*, a habeas petitioner can avoid

the procedural default if he is able to establish one of two exceptions. "Under the first exception, a [habeas petitioner] must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." 365 F.3d at 1234 (emphasis in original). Then, "[u]nder the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* (citations omitted).

With respect to the first exception, the *Lynn* court explained that the "cause" may not be that "legal developments or new evidence" have made the movant's claim more attractive. *Id.* at 1235, n.19. If the habeas petitioner is unable to demonstrate cause for the procedural default, the court need not consider whether the petitioner suffered actual prejudice. *Smith v. Murray*, 477 U.S. 527, 533-37 (1986) ("We need not determine whether the petitioner has carried his burden of showing actual prejudice . . . for we think it self-evident that he has failed to demonstrate cause for his noncompliance with [state] procedures.").

Courts have held that the second method of avoiding the procedural default—actual innocence—is "exceedingly narrow" in scope and, to avail himself of the actual innocence exception, the habeas petitioner must be able to show that he is factually innocent of the offense of which he was convicted. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). In other words, the habeas petitioner cannot successfully invoke the actual innocence doctrine by arguing that he should not have been convicted because of a legal error. And the habeas petitioner making an actual innocence argument must show that it was a *constitutional* violation that resulted in the conviction of an innocent person. *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Finally, because it is relevant to one of King's arguments in support of his motion for re-sentencing, the Court observes that district courts have jurisdiction to hear criminal cases that arise out of "offenses against the laws of the United States." 18 U.S.C. § 3231. The Court does not belabor this point below because this claim fails in that the indictment against King alleged violations of federal law. (Cr. D.E. #1.) *See United States v. Bjorkman*, 270 F.3d 482, 490 (7th Cir. 2001) (noting that it has repeatedly held "that district judges *always* have subject-matter jurisdiction based on *any* indictment purporting to charge a violation of federal criminal law") (emphasis in original).

5

### III.     Discussion

The parties agree on two matters important to § 2255 motions for re-sentencing. First, the parties agree that King's motion for re-sentencing is timely because he filed it within one year of the Supreme Court's decision in *Begay*, which applies retroactively to King. Second, the parties agree that King did not raise his argument that carrying a concealed firearm is not a violent felony under the Act during the direct appeal of his criminal case to the Eleventh Circuit. As a result of the parties' first area of agreement, the Court does not address the timeliness of King's motion.[4] The effect of the parties' second area of agreement drives the Court's analysis below because unless King can establish "cause" and "actual prejudice" or actual innocence, his claim for re-sentencing is procedurally barred.

---

[4] Except to note in this footnote that the Government may have too quickly conceded the timeliness issue. The Supreme Court held in *Teague v. Lane*, 489 U.S. 288, 311 (1989), that federal habeas petitioners may avail themselves of new rules under two narrow circumstances. First, "a new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" *Id.* at 307, 311. Rules falling in that category are commonly referred to as "substantive" rules. Second, the new rule should be applied retroactively "if it requires the observance of 'those procedures that . . . are implicit in the concept of ordered liberty.'" *Id.* The Supreme Court did not hold that *Begay* is retroactively applicable, and under the principles announced in *Teague* some courts have held that *Begay* is not retroactive. *See, e.g., Sun Bear v. United States*, No. CIV-08-3021, 2009 WL 2033028, at *3-5 (D. S.D. July 9, 2009). Under *Sun Bear*'s reasoning, King's motion would be untimely. But other courts have ruled otherwise. *See, e.g., United States v. Blue*, No. CIV-09-1108, 2009 WL 2581284, at *4 (D. Kan. Aug. 20, 2009) (holding that a U.S. Supreme Court decision determining that certain escape convictions were not violent felonies under the Act was a substantive rule that applied retroactively on collateral review). The *Blue* court determined that *Begay* is a substantive rule (as the Government conceded in its papers) because *Begay* narrowed the scope of a criminal statute by interpreting its terms. The Court notes, however, that the Eleventh Circuit has held that the Act is not a substantive criminal statute, but "merely a sentence enhancement provision." *United States v. McGatha*, 891 F.2d 1520, 1527 (11th Cir. 1990). Indeed, the purpose of the Act (as discerned from its text) is not to criminalize conduct, but to attach an enhanced penalty to conduct that was the subject of other criminal prosecutions. Accordingly, the Government may have a colorable argument that *Begay* is not retroactive because it did not set forth a new substantive rule that altered the criminality of King's conduct. The Court, however, will not further address the timeliness issue given the lack of briefing on the topic and the fact that the timeliness issue is subject to waiver. *See Day v. McDonough*, 547 U.S. 198, 205-11 (2006) (holding that the one-year period of limitations in 28 U.S.C. § 2244 (which is analogous to the one-year period of limitations in § 2255) is not jurisdictional).

### A. Cause and Actual Prejudice

King cannot establish cause for his failure to present the arguments raised in his § 2255 motion during the direct appeal of his conviction. The Movant's basis for relief derives entirely from *Begay* and *Archer*, which King argues "profoundly altered and substantially narrowed the scope of the 'violent felony' definition under [the Act]." (D.E. #2 at 9.) But even though *Begay* and *Archer* had not been decided when King pursued his direct appeal, King could have made the arguments raised by the defendants in *Begay* and *Archer*. As the Eleventh Circuit explained in a recent unpublished opinion involving a similarly situated § 2255 movant, "[o]f course, *Begay* and *Archer* had not yet been decided when [the movant] was sentenced in 2003; however, if he believed that his career offender status was improper under the guidelines that claim could have been made on direct appeal—just as Begay and Archer later did." *United States v. Coley*, No. 08-15962, 2009 WL 2019859, at *2 (11th Cir. July 14, 2009). In short, the law puts the burden on the defendant to raise arguments during direct appeal in defense of his interests. Stated differently, a defendant may not rely on others to make arguments that, if successful, may benefit him. Therefore, because King cannot establish cause for his failure to challenge his armed career criminal status at sentencing and on direct appeal, King may not avail himself of the first method of avoiding his procedural default.

### B. Actual Innocence

King's actual innocence argument is similarly unmeritorious. First, King's argument is not one of *factual* innocence; his argument is one of legal insufficiency in that he does not contend that he was never convicted of carrying a concealed firearm. Instead, King's argument is simply that after *Begay* and *Archer* his conviction for carrying concealed firearms does not qualify him for the sentence enhancement in question. Further, King's actual innocence claim is not connected to any violation of his constitutional rights.[5] *See Hunter v. United States*, 559

---

[5] Contrast King's circumstances with those of the habeas petitioner in *Bousley v. United States*, 523 U.S. 614 (1998). In that case, the petitioner pleaded guilty to "using" a firearm in violation of 18 U.S.C. § 924(c)(1) and received a sentence of several years' imprisonment. *Id.* at 616. After the petitioner's guilty plea, the Supreme Court held in *Bailey v. United States*, 516 U.S. 137 (1995), "that § 924(c)(1)'s 'use' prong requires the Government to show 'active employment of the firearm.'" *Id.* Accordingly, after *Bailey*, the petitioner's use of firearms during the underlying offense no longer qualified as "use" under the statute. The petitioner appealed his sentence, but did not challenge the validity of his plea and, ultimately, the Court of Appeals affirmed his sentence. *Id.* at 617. Several years after the conclusion of his

7

F.3d 1188, 1190-91 (11th Cir. 2009) (holding that sentencing errors do not amount to denials of constitutional rights). In addition, the Supreme Court has not yet extended actual innocence doctrine to the non-capital sentencing context, and the Eleventh Circuit has not held that actual innocence may be used in that context. *See Dretke v. Haley*, 541 U.S. 386, 393-94 (2004) ("We are asked in the present case to extend the actual innocence exception to procedural default of constitutional claims challenging noncapital sentencing error. We decline to answer the question in the posture of this case and instead hold that a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default."). Finality and orderly administration of justice are important precepts of criminal law. *Dretke*, 541 U.S. at 388; *Bousley*, 523 U.S. at 629 (Scalia, J., dissenting) ("No criminal-law system can function without rules of procedure conjoined with a rule of finality."). Expanding the actual innocence doctrine to encompass procedurally defaulted sentencing errors in non-capital cases where the sentencing errors are unhinged from a constitutional violation requires the creation of a thus far unsanctioned exception to the rules of finality that are attendant to criminal convictions. As the Eleventh Circuit recently remarked, "'every exception not watched, tends to take the place of the rule.'" *Holland v. Florida*, 539 F.3d 1334, 1339 n.10 (11th Cir. 2008).

### IV.     Conclusion

Because King procedurally defaulted the claims presented in his § 2255 motion by failing to argue on direct appeal that his conviction for carrying a concealed firearm did not qualify him for an enhanced sentence under the Act, it is ORDERED and ADJUDGED that the motion is denied.

---

direct appeal, the petitioner sought habeas relief and for the first time challenged the factual basis for his guilty plea because "neither the 'evidence' nor the 'plea allocution' showed a 'connection between the firearms in the bedroom of the house, and the garage, where the drug trafficking occurred.'" *Id.* The *Bousley* Court held that the actual innocence argument was available to the petitioner because his guilty plea to the firearms charge was constitutionally deficient in that it was not voluntary and intelligent because the petitioner, his attorneys, and the district court misunderstood the elements of the crime to which the petitioner was pleading guilty. *Id.* at 618, 623-24. *Bousley* differs from this case in that King was convicted after proceeding to trial. Therefore, the constitutional claim that a judgment of conviction was entered against him after an involuntary or unintelligent guilty plea is not available to him.

In anticipation of a motion for a certificate of appealability, and upon consideration of the requirement in 28 U.S.C. § 2253(c)(2) that a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," it is further ORDERED and ADJUDGED that a certificate of appealability is denied.  *See Hunter*, 559 F.3d at 1190-91 (holding, in an analogous case involving the application of *Begay* and *Archer*, that "a sentencing error alone does not amount to 'a substantial showing of the denial of a constitutional right'" and denying a motion for a certificate of appealability).

The Clerk of the Court is directed to place a copy of this order in the criminal file.

DONE in Chambers, Miami, Florida, January 12, 2010.

_____
Paul C. Huck
United States District Judge

**Copies furnished to:**
All counsel of record.